UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-cv-22926-KMW

JANE DOE,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA,

    Defendant.

_____/

**DEFENDANT, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, The School Board of Miami-Dade County, Florida, by and through its undersigned counsel, hereby files Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial, and states as follows:

**NATURE OF CASE, JURISDICTION AND VENUE**

1. Denied.

2. It is admitted that Plaintiff has alleged a cause of action within the federal question jurisdiction of the Court. However, liability for any alleged damages is denied.

3. It is admitted that Plaintiff has alleged a cause of action accruing within the Southern District of Florida. However, liability for any alleged damages is denied.

4. It is admitted that Plaintiff attended Palmetto Sr. High School as a minor. Defendant is without knowledge as to the remainder of the allegations in Paragraph 4, and as such, those allegations are denied.

1

5. Defendant admits that it is a political subdivision of the state of Florida, receives the delineated federal funds and operates Miami Dade County Public Schools, including Krop Sr. High School and Palmetto Sr. High School, as well as manages its employees. The remainder of Paragraph 5 is denied.

6. Defendant admits that is has adopted bylaws and policies and enforces same. The remainder of Paragraph 6, as stated, is denied.

7. Defendant admits that the Superintendent is its secretary and executive officer and is responsible for the administration and management of the public schools within the district. Defendant admits that the Superintendent enforces its rules, as well as pertinent state rules. The remainder of Paragraph 7 is denied.

8. Admitted.

9. Defendant admits that each of its schools has a Principal and at least one Assistant Principal, and such employees may have some involvement with hiring, transferring and disciplining staff at their respective school. The remainder of Paragraph 9 is denied.

10. Defendant admits that the listed employees served in the delineated capacities during the approximate time periods indicated. The remainder of Paragraph 10 is denied.

11. Defendant admits that the listed employees served in the delineated capacities during the approximate time periods indicated. The remainder of Paragraph 11 is denied.

12. Defendant admits that it employs the Miami Dade Schools Police Department, which assists in the prevention, detection and investigation of crime. The remainder of Paragraph 12 is denied.

13. Denied.

## STATEMENT OF FACTS

14. Defendant admits that it initially employed Meyers in August 2002. The remainder of Paragraph 14 is denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Defendant admits that an email alleging inappropriate conduct by Meyers was received in October 2008. The remainder of Paragraph 19 is denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Without knowledge, therefore denied.

32. Defendant admits that Plaintiff was a student of Meyers during the delineated

period and involved in club activities.  The remainder of Paragraph 32 is denied.

33.     Without knowledge, therefore Paragraph 33 and its subparts, a.-l., are denied.

34.     Without knowledge, therefore Paragraph 34 and its subparts, a.-e., are denied.

35.     Defendant admits that following Meyers' arrest other female students made allegations of inappropriate sexual conduct by Meyers.  The remainder of Paragraph 35 is denied.

36.     Without knowledge, therefore denied.

37.     Without knowledge, therefore denied.

38.     Without knowledge, therefore denied.

39.     Without knowledge, therefore denied.

40.     Without knowledge, therefore denied.

41.     Without knowledge, therefore denied.

42.     Defendant admits that Meyers was arrested in February 2016 for alleged sexual activity with a minor.  Defendant admits that a detective alleges to have seen the delineated conduct by Meyers' children and contacted the Florida Department of Children and Families.  The remainder of Paragraph 42 is denied.

## COUNT I-VIOLATION OF TITLE IX
### (Amendments of 1972 – 20 U.S.C. s.1681, et seq.)

43.     Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

44.     Defendant admits that a student should not be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment.  The remainder of Paragraph 44 is denied.

45.     Defendant admits that students should not be subjected to discrimination, sexual harassment and sexual violence.  Defendant admits that it had a duty to adequately investigate any

4

complaint of sexual misconduct. The remainder of Paragraph 45 is denied.

46. Denied.

47. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct by Meyers. The remainder of Paragraph 47 is denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II-VIOLATION OF 42 U.S.C. s. 1983
### (Policy, Practice, and Custom Causing Constitutional Harm)

56. Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

57. Defendant admits that a student should not be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment. The remainder of Paragraph 57 is denied.

58. Defendant admits that students should not be subjected to discrimination, sexual harassment and sexual violence. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct. The remainder of Paragraph 58 is denied.

59. Defendant admits that it has the authority to make policy decisions and is the final policy maker for the school district. The remainder of Paragraph 59 is denied.

60. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct by Meyers.   The remainder of Paragraph 60 is denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT III-VIOLATION OF 42 U.S.C. s. 1983
**(Deficient Training and Supervisory Practices Causing Constitutional Harm)**

70. Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

71. Defendant admits that a student should not be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment.  The remainder of Paragraph 71 is denied.

72. Defendant admits that students should not be subjected to discrimination, sexual harassment and sexual violence.  Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct.   The remainder of Paragraph 72 is denied.

73. Defendant admits that it had a duty to adequately train and supervise its employees regarding abuse and harassment.   The remainder of Paragraph 73 is denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT IV-VIOLATION OF THE FLORIDA EDUCATIONAL EQUITY ACT
### (s. 1000.05, Florida Statutes)

80. Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

81. Defendant admits that Plaintiff has cited to the applicable statute. However, Defendant denies violation of the statute.

82. Admitted.

83. Defendant admits that a student should not be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment. The remainder of Paragraph 83 is denied.

84. Defendant admits that students should not be subjected to discrimination, sexual harassment and sexual violence. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct. The remainder of Paragraph 84 is denied.

85. Denied.

86. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct. The remainder of Paragraph 86 is denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.  Defendant claims an entitlement to reasonable attorney's fees and costs pursuant to s. 1000.05(7), Florida Statutes.

## COUNT V-NEGLIGENCE

95. Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

96. Defendant admits that it was served a notice of intent to initiate a Florida tort law claim.  The remainder of Paragraph 96 is denied.

97. Defendant admits that a student should not be subjected to unreasonable risks of harm and sexual abuse, molestation, exploitation, and harassment.  Defendant denies knowledge of such prior conduct by Meyers.  The remainder of Paragraph 97 is denied.

98. Defendant admits that it had a duty of reasonable care to protect the safety and well-being of students, and to adequately investigate any complaint of sexual misconduct.  The remainder of Paragraph 98 is denied.

99. Defendant admits that it had a duty of reasonable care to Plaintiff while on school grounds and at school-sponsored activities.  Defendant admits that it had a duty of reasonable care with respect to the hiring, retention and supervision of Meyers.  However, Defendant denies any breach of a duty owed.  The remainder of Paragraph 99 is denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant is a political subdivision of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through s. 768.28, Florida Statutes, has not waived its sovereign immunity to suit for any covered actions, except to the extent expressly provided therein.

2. Defendant is a political subdivision of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through s. 768.28, Florida Statutes, such recovery is limited to the statutory caps and exclusions delineated therein.

3. Any recovery by Plaintiff is reduced or barred by any settlement, judgment or payment of any kind, relating to the incident described in Plaintiff's Complaint, paid by any individual or entity, including the state of Florida, its agencies or subdivisions.

4. Defendant asserts that any damages in this case must be apportioned pursuant to s. 768.81, Florida Statutes, with a reduction of damages awarded in proportion to the share of fault

attributable, including that of non-party Jason Meyers.

5. Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim under Title IX, as well as to impute any liability to Defendant for the alleged wrongful act(s).

6. Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim under 42 U.S.C. s. 1983, as well as to impute any liability to Defendant for the alleged wrongful act(s).

7. Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim under the Florida Educational Equity Act, as well as to impute any liability to Defendant for the alleged wrongful act(s).

8. Pursuant to <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993), any damages awarded are subject to apportionment by the jury of the total fault of all participants which may be responsible for damages claimed, including but not limited to non-party Jason Meyers.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury of all issues by right so triable.

Respectfully submitted,

WASSERMAN & THOMAS, P.A.
Attorneys for Defendant
15150 NW 79th Court, Suite 195
Miami Lakes, FL 33016
Email: damian@wt-legal.com
Tel.: (305) 895-7547
Fax: (305) 895-7549

 /s Damian E. Thomas
DAMIAN E. THOMAS
FBN: 0175277

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February 2018, I filed the foregoing document using the Clerk of Court CM/ECF and served all counsel of record or *pro se* parties identified on the attached Service List.

/s Damian E. Thomas
DAMIAN E. THOMAS

**SERVICE LIST**

Counsel for Plaintiff:

Ronald P. Weil, Esq.
Mark A. Schweikert, Esq.
WEIL QUARANTA, P.A.
201 S. Biscayne Blvd., Suite 850
Miami, FL 33131
Tel.: (305) 372-5352
Fax: (305) 372-5355
Email: rweil@weilquaranta.net; mschweikert@weilquaranta.net